

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of
J. Mark Coulson
U.S. Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_JMCChambers@mdd.uscourts.gov
Phone: (410) 962-4953
Fax: (410) 962-2985

September 30, 2019

LETTER TO ALL COUNSEL OF RECORD

Re:  *Paul Rode v. Andrew M. Saul*
     Civil No. 1:18–CV–03151–SAG

Dear Counsel:

Presently pending is Plaintiff Paul Rode's Motion to Reconsider the Court's September 10, 2019 Letter Order (ECF No. 25) which, *inter alia*, granted the Motion for Summary Judgment filed by Defendant Social Security Administration ("the Commissioner"). I have also reviewed the Defendant's Response to Plaintiff's Motion. (ECF No. 26). In his motion, Plaintiff reiterates his assertion that the ALJ failed to properly apply the Fourth Circuit's holding in *Mascio v. Colvin*. *Id.* at p. 2. For the reasons set forth below, after further review, I agree that the ALJ's analysis did not comply with *Mascio*, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d 632, 637–38 (4th Cir. 2015). A *Mascio*-based challenge alleges that an ALJ improperly analyzed and considered the "paragraph B" impairment-related functional limitations. 20 C.F.R. § 404, Subpart P, App. 1 § 12.00(A), (G). Paragraph B consists of four broad functional areas assessing the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* at § 12.02(B).

The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* at § 12.00(E)(3). The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 416.920a(b), (c)(2) (2018). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* at § 416.920a(a)(4). A moderate limitation signifies the claimant has only a fair ability to function in the relevant area of mental functioning. *Id.* at § 12.00(F)(2)(c). At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1 (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the vocational expert ("VE")—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, even though, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. The Fourth Circuit held that it "agree[s] with other circuits that an ALJ does not account for a 'claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, in coming to his conclusion, the ALJ considered the opinions of Maurice Prout, Ph.D. and Sharon Ames-Dennar, Ph.D., two state agency psychological consultations, who reviewed the claimant's medical records. (ECF No. 11 at p. 22). The ALJ afforded the psychological consultants' opinions great weight as they have a high level of understanding of the Social Security Disability program and enjoy a review of all the available evidence in the record when forming their opinions. *Id.* Both consultants evaluated the claimant's mental impairments and determined

that he had work related limitations in the areas of social functioning and concentration, persistence and pace. *Id.* Specifically, Ame's report states that Plaintiff's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods was "not significantly limited." (ECF No. 11 at p. 101). Plaintiff was "deemed capable of attending, concentrating and persisting during the completion of SRTS." *Id.* After considering the treatment record, the medical opinion evidence, and the statements made by the claimant, the ALJ determined that the residual functional capacity statement "adequately accounted for the claimant's remaining functional capacity." *Id.* at p. 24.

Although, there might be evidence in the "record to support the ALJ's conclusion that Plaintiff is capable of performing simple, unskilled work 'the issue in this case is not whether the record contains evidence that might support the ALJ's conclusions; it is whether the ALJ explained the apparent discrepancy between his step three finding and his RFC assessment.'" *Henry v. Berryhill*, 2018 WL 558839, at *3 (D. Md. Jan. 25, 2018) (quoting *Talmo v. Comm'r, Soc. Sec. Admin.*, 2015 WL 2395108, at *3 (D. Md. May 19, 2015)). "Without providing further analysis of plaintiff's mental limitations, highlighting medical evidence refuting the severity of the limitation, or otherwise discussing why a restriction pertaining to concentration, persistence, or pace is not needed in the case, this court cannot perform an adequate review." *Id.* Because that did not occur in this case, I must remand the case to the Commissioner for further analysis consistent with *Mascio*.

For the reasons set forth herein, Mr. Rode's Motion to Reconsider (ECF No. 25) is GRANTED. The case is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

September 30, 2019                                     _____/s/_____

                                                                                                                           J. Mark Coulson

                                                                                                                           United States Magistrate Judge